VANESSA R. WALSH (16180)
Assistant Utah Attorney General
SEAN D. REYES (7969)
Utah Attorney General
160 East 300 South, Sixth Floor
P.O. Box 140856
Salt Lake City, Utah 84114-0856
Telephone: (801) 366-0100
Facsimile: (801) 366-0101
E-mail: vwalsh@agutah.gov
*Attorneys for Defendant*

---

### UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH CENTRAL DIVISION

| | |
|---|---|
| NELLIE H. CHRISTENSEN, MARC FUTTERMAN, GREGORY R. WILSON, on behalf of themselves and all others similarly situated,<br><br>     Plaintiff(s),<br><br>v.<br><br>ELISABETH DEVOS, in her official capacity as Secretary of Education, the UNITED STATES DEPARTMENT OF EDUCATION, NAVIENT CORPORATION, NAVIENT SOLUTIONS, LLC, NAVIENT, CORPORATION, NELNET SERVICING, LLC, PENNSYLVANIA HIGHER EDUCATION ASSISTANCE AGENCY (PHEAA) dba FEDLOAN SERVICING, AND UTAH HIGHER EDUCATION ASSISTANCE AUTHORITY (UHEAA),<br><br>     Defendant. | **MOTION TO DISMISS DEFENDANT UTAH HIGHER EDUCATION ASSISTANCE AUTHORITY**<br><br><br>Case No. 2:19-cv-00509<br><br><br>Judge Honorable Clark Waddoups |

# TABLE OF CONTENTS

TABLE OF AUTHORITIES .................................................................................................... iii

RELIEF SOUGHT AND GROUNDS FOR DISMISSAL .................................................... 1

BACKGROUND ................................................................................................................... 2

RELEVANT FACTS ............................................................................................................ 3

    The Public Student Loan Forgiveness Plan ....................................................................... 3

    Allegations Against UHEAA ............................................................................................. 4

    Generic Allegations Against LSP's .................................................................................... 5

    Generic Allegations Against All Defendants ..................................................................... 5

STANDARD OF REVIEW ................................................................................................... 6

ARGUMENT ........................................................................................................................ 7

    I.    PLAINTIFFS' CLAIMS AGAINST UHEAA ARE BARRED BY THE UTAH GOVERNMENTAL IMMUNITY ACT. ............................................................. 7

        A.  IMMUNITY HAS NOT BEEN WAIVED. ............................................... 7

        B.  PLAINTIFFS DID NOT COMPLY WITH UGIA'S NOTICE OF CLAIM REQUIREMENT. ...................................................................... 9

    II.   FEDERAL LAW PREEMPTS STATE LAW CLAIMS AGAINST UHEAA. ............ 10

    III.  PLAINTIFFS FAIL TO STATE A CLAIM UNDER WHICH RELIEF CAN BE GRANTED. ................................................................................................... 12

        A.  PLAINTIFFS' DO NOT SPECIFY ALLEGATIONS IN A MANNER THAT PROVIDES FAIR NOTICE TO UHEAA. ....................................... 12

        B.  PLAINTIFFS' FAILED TO MEET THE PLEADING STANDARDS REQUIRED UNDER FEDERAL RULE OF CIVIL PROCEDURE 8(a)(2). ..... 13

            1.  Plaintiffs' Conclusory Allegations Are Not Entitled to the Assumption of Truth. ........................................................................................................ 14

                i.   UHEAA Did Not Act as an Agent Of, In Concert With, Jointly With, or Aid and Abet Other Defendants (¶¶ 128 -131, 76, 79). ............................ 14

                ii.  UHEAA's Proffered Expertise (¶¶ 21, 22 38, 83, 389-390). .................... 15

                iii.  UHEAA's Did Not Misrepresent Information (¶¶ 24, 45, 47, 67, 82, 95, 250, 279, 284, 389, 391). ....................................................................... 16

                iv.  UHEAA's Incentive and Pay Structure (¶¶ 14, 62-63, 66, 263, 270-271, 274-275). ...................................................................................... 16

                v.   UHEAA Did Not Block Borrowers from Obtaining Relief (¶ 75-76)...... 17

2. The Remaining Facts Against UHEAA Have No Plausibility Giving Rise to Relief. ................................................................................................................17

CONCLUSION ................................................................................................................. 20

# TABLE OF AUTHORITIES

Page(s)

Cases

*Arena Land & Inv. Co. v. Petty*,
   1995 WL 645678, 1995 U.S.App. LEXIS 31140, at *3 (10th Cir. Nov. 3, 1995) ..................... 12

*Bartlett v. Utah*,
   2006 WL 1767136 (D. Utah June 23, 2006) ............................................................................. 13

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) ................................................. Passim

*Brooks v. Salle Mae, Inc.*,
   2011 WL 6989888 (Conn. Super. Ct. Dec. 20, 2011) ............................................................. 12

*Chae v. SLM Corp.*,
   593 F.3d 936 (9th Cir. 2010) .................................................................................................. 11

*Cipollone v. Liggett Grp., Inc.*,
   505 U.S. 504 (1992) ................................................................................................................ 11

*Cline v. State, Div. of Child & Family Servs.*,
   142 P.3d 127 .............................................................................................................................. 8

*DeBry v. Salt Lake Cty.*,
   835 P.2d 981 (Utah Ct. App. 1992) .......................................................................................... 8

*Gallagher v. Shelton*,
   587 F.3d 1063 (10th Cir. 2009) .............................................................................................. 17

*Gee v. Pacheco*,
   627 F.3d 1178 (10th Cir. 2010) .............................................................................................. 17

*Hall*,
   584 F.3d ................................................................................................................................... 17

*Iqbal*,
   556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) ........................................ 6, 7, 14, 17

*Jensen v. W. Jordan City*,
   2016 WL 4256946 (D. Utah Aug. 11, 2016) ............................................................................ 8

*Kansas Penn Gaming, LLC v. Collins*,
   656 F.3d 1210 (10th Cir. 2011) .............................................................................................. 14

*Kojima v. Lehi City*,
   2015 WL 4276399 (D. Utah July 14, 2015) .............................................................................. 8

*Lawson-Ross v. Great Lakes Higher Educ. Corp.*,
   2018 WL 5621872 (N.D. Fla. Sept. 20, 2018) ................................................................... 11, 12

*Ledfors v. Emery Cty. Sch. Dist.*,
   849 P.2d 1162 (Utah 1993) .................................................................................................... 7, 8

*Leverington*,
   643 F.3d .................................................................................................................................. 17

*L'ggrke v. Benkula,*
  966 F.2d 1346 (10th Cir. 1992) ................................................................ 10, 11
*Linsley v. FMS Inv. Corp.,*
  2012 WL 1309840 (D. Conn. Apr. 17, 2012) .................................................. 12
*Loveland v. Orem City Corp.,*
  746 P.2d 763 (Utah 1987) ............................................................................. 8
*Metro. Fin. Co. v. State,*
  714 P.2d 293 (Utah 1986) .......................................................................... 8, 9
*Mount Olivet Cemetery Ass'n v. Salt Lake City,*
  164 F.3d 480 (10th Cir. 1998) ..................................................................... 10
*Omnicare, Inc. v. Laborers Dist. Council Const. Industry Pension Fund,*
  135 S.Ct. 1318 (2015) .................................................................................. 6
*Robbins v. Oklahoma,*
  519 F.3d 1242 (10th Cir. 2008) ................................................................... 18
*Solid Q Holdings, LLC v. Arenal Energy Corp.,*
  2017 WL 782283 (D. Utah Feb. 28, 2017) ..................................................... 14
*Sutton v. Miles,*
  2014 UT App 197, 333 P.3d 1279 ........................................................... 14, 19
*Swierkiewwicz v. Sorema N.A.,*
  534 U.S. 506 (2002) ................................................................................... 13
*United States v. Gorski,*
  2012 WL 12886823 (C.D. Cal. Mar. 22, 2012) ............................................... 12
*US Airways, Inc. v. O'Donnell,*
  627 F.3d 1318 (10th Cir. 2010) ................................................................... 10
*Utah Physicians for a Healthy Env't, Inc. v. Dieselsellerz.com, LLC,*
  2017 WL 11477130 (D. Utah June 20, 2017) ................................................. 13
*Wheeler v. McPherson,*
  40 P.3d 632 ............................................................................................... 9
*Winebarger v. Pennsylvania Higher Educ. Assistance Agency,*
  2019 WL 6111730 (C.D. Cal. Aug. 21, 2019) ................................................. 12

Statutes

20 U.S.C. § 1098g................................................................................................ 10
20 U.S.C. §§ 1070................................................................................................. 1
20 U.S.C. §§ 1078(d), 1091a(2)(B), 1091a(b)(1)-(3), 1095a(a), 1098g.................... 10
Utah Code Ann. § 63G-7-402............................................................................... 9
Utah Code Ann. § 63G-7-401............................................................................... 9
Utah Code Ann. § 63G-7-403............................................................................... 9
Utah Code Ann. § 63g-7-101(3)........................................................................ 7, 9
Utah Code Ann. § 63G-7-201(4)(f).................................................................... 7, 9
Utah Code Ann. § 63G-7-102(1)........................................................................... 7

Rules

Fed. R. Civ. P. 8(a)(2).........................................................................................6, 7, 12, 13
Fed. R. Civ. P. 12(b) ........................................................................................................15
Federal Rule of Civil Procedure 12(b)(6) ........................................................................ 1
Rule 8 ..............................................................................................................................13

**RELIEF SOUGHT AND GROUNDS FOR DISMISSAL**

Pursuant to Federal Rule of Civil Procedure 12(b)(6) and DUCivR-7-1(a), Defendant Utah Higher Education Assistance Authority ("UHEAA"), by and through counsel, Vanessa R. Walsh, Assistant Utah Attorney General, submits this Motion to Dismiss UHEAA from this action.

Plaintiffs allege 17 causes of action in their Complaint (Doc. 2), 10 of which appear to be aimed at various "loan servicing" defendants. Due, in part, to Plaintiff's insufficient pleading and lack of allegations towards UHEAA, it is unclear which of their claims are directed at it. Plaintiffs' refer to Navient, PHEA, Nelnet, and UHEAA as "loan service providers," "loan servicers," "servicing companies," and "defendant Title IV loan servicers."  Plaintiffs also define "Title IV loan servicers"[1] of which Navient, PHEAA and UHEAA appear to be a subset. At times, it is unclear which actions are being attributed to which defendant. Adding to this crowded suite of issues, Plaintiffs comingle actions of non-defendant providers, primarily Title IV loan servicers, with named defendants, making it even more uncertain what alleged actions are attributed to what group. For purposes of clarity in this motion, UHEAA will refer to defendants Navient, PHEAA, and UHEAA collectively as "LSPs," all loan service providers, including the subset of named defendants as "Title IV providers," and reference UHEAA separately where applicable.

---

[1] "Title IV loan servicers" service loans issued under Title IV of the Higher Education Act ("HEA"), 20 U.S.C. §§ 1070 *et seq.* They include servicers known as TIVAS (Title IV Additional Servicing) Servicers: (i) Navient Corporation ("Navient") (formerly known as SLM Corporation/Sallie Mae); (ii) Nelnet Servicing, LLC ("Nelnet") (Nelnet acquired Great Lakes Educational Loan Services); and (iii) Pennsylvania Higher Education Assistance Agency a/k/a FedLoan Servicing ("FedLoan Servicing"), as well as various not-for-profit servicers. FN 12.

For purposes of this Motion to Dismiss, UHEAA has made its best attempt to determine which claims apply to it. Claims 1-5 appear to be federal claims directed solely at Defendants Devos and the United States Department of Education ("DOE"). Claims 6; 9-17 appear to be state law claims directed at all Defendants. Should the Court find that UHEAA is the target of other claims, UHEAA reserves the right to address those claims.

## BACKGROUND

The Complaint (Doc. 2) alleges a failure of various government agencies in administering the Public Student Loan Forgiveness ("PSLF") program. PSLF was enacted by Congress in 2007 and mandates the U.S. Department of Education ("DOE") cancel the balance of qualifying student loans after a student has 10 years of employment with a qualifying public service employer and 120 timely payments under a qualifying repayment plan. Although the DOE retains ultimate responsibility for administering the program and determining eligibility, it may enter into direct contracts for the servicing and collections of loans made or purchased. According to Plaintiffs, the DOE currently contracts with nine such providers, three of which are the named LSPs.

Plaintiffs allege all Defendants acted individually and jointly with every other named Defendant. Plaintiffs claim that all Defendants misled borrowers, purposefully provided incorrect information, and mismanaged student loans and the PSLF program. Plaintiffs seek recovery for all borrowers in Maryland, Utah, and Texas who received federally backed loans, made timely payments, completed 10 years of qualifying service, had loans serviced by one or more of the LSPs, and were misled by those LSPs or the DOE.

## RELEVANT FACTS

### The Public Student Loan Forgiveness Plan

To encourage students to enter public service, Congress established the PSLF program in 2007. *Id.* ¶¶ 5-6, 8). To qualify for PSLF an individual must (1) have loans issued directly from the federal government; (2) be employed full time by a qualifying public service employer; and (3) make 120 on-time payments under a qualifying repayment plan. *Id.* at ¶¶ 10, 189, 195. The relevant assistance programs in this case are the Federal Family Education Loan Program and the William D. Fort Direct Student Loan Program ("Loan Programs"). Each has a standard ten-year repayment period and there are several available repayment plans with varying eligibility requirements and terms. *Id.* at ¶¶ 166, 168-169.

The statute establishing the Loan Programs authorized an eligible lender or guaranty agency to contract with another entity to perform any of the agency's functions. *Id.* at ¶ 170. Those functions include collecting payments, providing customer service, and performing administrative tasks. *Id.* at. ¶ 177. Currently the DOE contracts with nine student loan servicers. *Id.* at ¶ 175. The DOE expressly requires Title IV Providers[2] to assist with loan forgiveness programs including PSLF. *Id.* at. ¶ 180. Such delegation does not relieve the DOE of responsibility for the administration of such functions and the DOE has oversight authority over such servicers. *Id.* at ¶¶ 170-171, 173,176. The DOE retains ultimate responsibility for administration of the PSLF program and retains ultimate responsibility for all key steps in

---

[2] Plaintiffs' Complaint (Doc. 2) refers to "loan servicers" but does not indicate if they are referring to the named LSP's or all Title IV Providers however based on context, UHEAA believes it to be all Title IV providers.

determining eligibility. *Id.* at ¶¶ 194, 198, 280-282. The DOE has received 73,554 unique PSLF

applications since October 2017 and approved 518 for forgiveness. *Id.* at ¶¶ 16-17, 201.

## Allegations Against UHEAA

UHEAA is Utah state government agency and part of the Utah System of Higher

Education, which acts under authority delegated by the Utah State Board of Regents. *Id.* at

¶¶ 125-127. Christensen is the only Plaintiff alleged to have interacted with UHEAA. *Id.* ¶¶ 85,

234. Her education was only achievable through loans. *Id.* at ¶ 80. She took out several student

loans with Nelnet and at some point, those loans were consolidated by UHEAA. *Id.* at ¶ 234.

When going through the mandatory FAFSA loan application process to apply for her loans,

Christensen was repeatedly informed[3] that if she became a teacher and made 120 loan payments,

her balance and interest would be forgiven under PSLF. *Id.* at ¶ 237.

At some point, Christensen was informed by either UHEAA or Nelnet that if she worked

5 years at a title one school her student loans would be forgiven. *Id.* at ¶¶ 81, 303. After five

years of employment, Christensen inquired[4] when her loans would be forgiven and was informed

that the UHEAA agent who had spoken to her previously was wrong and that her student loans

would not be eligible for forgiveness until she had made ten years of payments. *Id.* at ¶ 82.

Christensen made 120 monthly payments, after which she contacted UHEAA who informed her

to contact the DOE. *Id.* at ¶ 83. The DOE denied Christensen's request and instructed her to

continue making payments. *Id.* at ¶ 84. Christensen made repeated demands to UHEAA to

provide her with loan relief and received false and misleading information. *Id.* at ¶ 85. Plaintiffs

---

[3] It is unclear from the Complaint when she went obtained her loans, when she was told, or by
whom she was told.
[4] It is unclear from the Complaint with whom she inquired, UHEAA or another LSP.

allege Christensen met the criteria under PSLF; however, the DOE denied her loan forgiveness. *Id.* at ¶¶ 18, 28, 235, 240.

### Generic Allegations Against LSP's

LSPs hold themselves out as available to give expert guidance if borrowers have any questions or concerns about the types of repayment plans or forgiveness options available. *Id.* at ¶¶ 21-22, 38, 83, 389-390. They compensate customer service representatives and pre-default collections employees using employee incentive plans. *Id.* at ¶¶ 63, 271. LSPs provided incorrect information to Plaintiffs which mislead them into believing they were "on track" for PSLF and making "qualifying" payments for PSLF. *Id.* at ¶¶ 45, 66, 75-76. Had LSPs given Plaintiffs the correct information, they could have consolidated their loans, entered qualifying repayment plans, and been eligible for forgiveness under PSLF. *Id.* at ¶ 47.

### Generic Allegations Against All Defendants

Title IV servicers, LSPs, and the DOE misled student borrowers, misrepresented material facts regarding eligibility requirements for PSLF loans, and/or omitted providing critical, material information to Plaintiffs regarding federal loans programs and PSLF. *Id.* at ¶¶ 24, 47, 67, 95, 250, 279, 284, 389, 391.

Each defendant acted individually and jointly with every other named defendant in committing all acts alleged in the Complaint *Id.* at ¶ 128. Each defendant acted: (a) as a principal; (b) under express or implied agency; (c) with actual or ostensible authority to perform the acts alleged on behalf of every other named defendant; (d) as the agent of the others; and (e) within the scope of its agency as an agent of another. *Id.* at ¶¶ 129, 130. Each defendant knew or realized, or should have known or realized, that the other defendants were engaging in or

planned to engage in the violations of law alleged in the Complaint *Id.* at ¶ 131. Each defendant

intended to and did encourage, facilitate, or assist in the commission of the unlawful. *Id.*

### STANDARD OF REVIEW

To survive a motion to dismiss, a plaintiff must offer sufficient facts that, if accepted as

true, "state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S.

544, 570, 127 S. Ct. 1955, 1979, 167 L. Ed. 2d 929 (2007), allowing a court to draw the

*reasonable* inference that the defendant is liable. Further, the Supreme Court has repeatedly held

that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

statements, do not suffice." *Omnicare, Inc. v. Laborers Dist. Council Const. Industry Pension*

*Fund*, 135 S.Ct. 1318, 1332 (2015); *Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868

(2009). A court need not accept as true legal conclusions masquerading as factual allegations.

*Twombly*, 550 U.S. at 555. Finally, "where the well-pleaded facts do not permit the court to infer

more than the mere possibility of misconduct, the complaint has alleged—but it has not

'show[n]'—'that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 556 U.S. at 679 (quoting

Fed. R. Civ. P. 8(a)(2)).

The Supreme Court has instructed that courts should begin the motion to dismiss analysis

"by identifying pleadings that, because they are no more than conclusions, are not entitled to the

assumption of truth." *Id.* Then, taking the well pleaded factual allegations as true, the court

should "determine whether they plausibly give rise to an entitlement to relief." *Id.*

## ARGUMENT

Plaintiffs' claims against UHEAA fail on several fronts. First, Plaintiffs have not complied with the Utah Governmental Immunity Act ("UGIA"). Second, federal law preempts state law claims against UHEAA. Lastly, Plaintiffs do not meet the pleading standard required under Federal Rule of Civil Procedure 8(a)(2).

### I.  PLAINTIFFS' CLAIMS AGAINST UHEAA ARE BARRED BY THE UTAH GOVERNMENTAL IMMUNITY ACT.

Plaintiffs' state law claims are barred by the Utah Governmental Immunity Act because immunity has not been waived and the claims are time barred.

### A.  IMMUNITY HAS NOT BEEN WAIVED.

UGIA shields government agencies from civil actions unless sovereign immunity is expressly waived. Utah Code Ann. § 63g-7-101(3). It contains specific provisions for misrepresentation. Utah Code Ann. § 63G-7-201(4)(f). "A governmental entity, its officers, and its employees are immune from suit, and immunity is not waived, for any injury proximately caused by a negligent act or omission of an employee committed within the scope of employment, if the injury arises out of or in connection with, or results from a misrepresentation by an employee whether or not the misrepresentation is negligent or intentional." *Id.*  An injury arising from misrepresentation must focus on the conduct or situation out of which the injury arose, not on Plaintiffs' theory of liability. *Ledfors v. Emery Cty. Sch. Dist.,* 849 P.2d 1162, 1166 (Utah 1993). It requires a causal relationship between the conduct and the injury that is more than a causal connection, less than proximate cause, and is sufficient to conclude the injury originates with the conduct. Utah Code Ann. § 63G-7-102(1).

UHEAA is a state government agency, *Comp.* (Doc. 2 ¶ 125), and is immune from suit. Claims six, nine, ten, eleven, twelve, thirteen, fourteen, sixteen, and seventeen are each based on allegations of misrepresentation. Claims six and thirteen allege unjust enrichment as a result of "deceptive, misleading actions". *Id.* at ¶ 366. Claim nine alleges LSPs materially breached . . . obligations . . . by giving borrowers incorrect and misleading information." *Id.* at ¶ 381. Claim ten, which is pled in the alternative to claim nine, alleges LSPs were "repeatedly giving borrowers . . . inaccurate and misleading information . . ." *Id.* at ¶ 390 and "inaccurate and misleading statements . . ." *Id.* at 391, which led to Plaintiffs suffering damages. *Id.* at ¶ 392. Claim eleven alleges LSP's "gave borrowers incorrect and misleading information . . ." *Id.* at ¶ 403. Claim twelve alleges LSP's "ma[de] misrepresentations to Plaintiff . . ." *Id.* at ¶ 410. Claim fourteen alleges LSP's gave borrowers "inaccurate and misleading information". *Id.* at ¶ 431. Claim sixteen alleges LSP's gave "inaccurate and misleading information about their options". *Id.* at ¶ 441. Lastly, claim seventeen alleges a violation of the Utah Consumer Protection Act, *Id.* ¶ 446, because of "misrepresentations of material facts . . . and giving inaccurate and misleading information". *Id.* ¶ 454.

Each of those allegations refer to LSPs generally, not UHEAA specifically. The Complaint references only four allegations of misrepresentation specific to UHEAA. *Id.* ¶¶ 81-83, 85. Those four allegations relate to a single instance of UHEAA misinforming Christensen that if she worked 5 years at a title one school her loans would be forgiven. *Id.* Even if those four

misrepresentations rose to the level of harm alleged in the Complaint, as a government agency, UHEAA is immune from suit.[5]

In addition to immunity pursuant from Utah Code Ann. § 63G-7-201(4)(f), UHEAA is immune from claim seventeen because nothing in the Utah Consumer Protection Act waives immunity. Utah Code Ann. § 63g-7-101(3).

### B. PLAINTIFFS DID NOT COMPLY WITH UGIA'S NOTICE OF CLAIM REQUIREMENT.

In addition to establishing and waiving immunity for governmental entities and their employees, UGIA contains a requirement for filing a notice of claim for "any claim against a governmental entity, or against an employee for an act or omission occurring during the performance of the employee's duties, within the scope of employment, or under color of authority." Utah Code Ann. § 63G-7-402. A person having a claim against a governmental entity must file a notice of claim before initiating suit. Utah Code Ann. § 63G-7-401. A claim that is not approved or denied within sixty days of receipt is considered denied. Utah Code Ann. § 63G-7-403. Once the claim is denied the claimant has one year to commence an action. *Id.*

---

[5] *See Kojima v. Lehi City*, No. 2:13-CV-000755-EJF, 2015 WL 4276399 (D. Utah July 14, 2015) (immunity retained for misrepresentations of critical evidence by police officer); *Jensen v. W. Jordan City*, No. 2:12-CV-736-DAK, 2016 WL 4256946 (D. Utah Aug. 11, 2016) (immunity retained for fraudulent misrepresentation alleged to induce plaintiff to sign a contract); *Cline v. State, Div. of Child & Family Servs.,* 142 P.3d 127 (immunity retained for libel, slander, and misrepresentation); *Loveland v. Orem City Corp.,* 746 P.2d 763 (Utah 1987) (immunity retained for misrepresentations by city regarding fencing around canal); *DeBry v. Salt Lake Cty.,* 835 P.2d 981 (Utah Ct. App. 1992), *aff'd sub nom. DeBry v. Noble*, 889 P.2d 428 (Utah 1995) (immunity retained for misrepresentation of occupancy permit); *Metro. Fin. Co. v. State*, 714 P.2d 293 (Utah 1986) (immunity retained for misrepresentations related to issuance of automotive certificate of title.)

The Utah Supreme Court requires a plaintiff to "strictly comply" with the UGIA. *Wheeler v. McPherson*, 40 P.3d 632, 636. A court lacks jurisdiction over any matter for which the plaintiff did not comply with the UGIA. *Id.* Thus, a plaintiff's failure to follow the procedures established by the UGIA – including the failure to file a proper notice of claim – necessitates a court's dismissing the action. *Id.*

It is unclear from the Complaint which specific claims are against UHEAA and when exactly those claims arose, however it is clear that at least one year has passed since Christensen was given misinformation by UHEAA. That flaw is irrelevant however, as Plaintiffs did not file a notice of claim at all. Declaration of Fielding Pratt, attached hereto as Exhibit "A". Their failure to comply with UGIA's Notice of Claim requirement bars all state claims against UHEAA.

## II.  FEDERAL LAW PREEMPTS STATE LAW CLAIMS AGAINST UHEAA.

"Congress has the power to enact statutes that preempt state law." *US Airways, Inc. v. O'Donnell*, 627 F.3d 1318, 1324 (10th Cir. 2010).

Express preemption "occurs when the language of the federal statute reveals an express congressional intent to preempt state law…." *Mount Olivet Cemetery Ass'n v. Salt Lake City*, 164 F.3d 480, 486 (10th Cir. 1998). Congress has enacted several express preemption provisions applicable to Federal Family Education Loan Program participants. See, e.g., 20 U.S.C. §§ 1078(d), 1091a(a)(2)(B), 1091a(b)(1)-(3), 1095a(a), 1098g. Section 20 U.S.C. § 1098g, is entitled, "Exemption from State disclosure requirements." The text of the statute reads: "Loans made, insured, or guaranteed pursuant to a program authorized by Title IV of the Higher Education Act ... shall not be subject to any disclosure requirements of any State law." *Id.* The

Federal Family Education Loan Program falls within Title IV of the HEA and is subject to its express preemption provision.

The Tenth Circuit has stated it is solely the responsibility of the DOE to enforce HEA programs. *L'ggrke v. Benkula*, 966 F.2d 1346, 1348 (10th Cir. 1992). In *L'ggrke*, the court held a private right of action does not exist for a student to sue an educational institution for violations of the HEA. *Id.* "Title IV gives extensive enforcement authority to the Secretary [of Education] indicating that Congress intended this mechanism to be the **exclusive means** for ensuring compliance with the statutes and regulations." *Id.* (emphasis added). "To imply a private right on the part of a student would conflict with the enforcement powers of the Secretary and thus would be inconsistent with the underlying purpose of the statute." *Id.*

In *Chae*, the plaintiffs sued a Title IV provider for misrepresentations based on state consumer protection law and common law. *Chae v. SLM Corp.*, 593 F.3d 936, 940 (9th Cir. 2010). The Ninth Circuit held the consumer protection claims were expressly preempted by the HEA. *Id.* at 950. "At bottom, the plaintiffs' misrepresentation claims are improper-disclosure claims[,]" and "preemption cannot be avoided simply by relabeling an otherwise-preempted claim." *Id.* at 942–43 (citing *Cipollone v. Liggett Grp., Inc.*, 505 U.S. 504, 527 (1992). Furthermore, the court noted the proper remedy for misrepresentations is to directly address the DOE. *Id.* at 943, n.6.

In *Lawson-Ross*, the plaintiff sued a Title IV provider for state statutory and common law claims because of misrepresentations regarding the PSLF program. *Lawson-Ross v. Great Lakes Higher Educ. Corp.*, No. 1:17-CV-253-MW/GRJ, 2018 WL 5621872, at *1 (N.D. Fla. Sept. 20, 2018). Despite being "repeatedly and explicitly" told she was on track for the PSLF program, the

11

plaintiff discovered she was not eligible for the program after making ten years of payments. *Id.* (citation omitted). The court held the plaintiff's claims are "expressly preempted by federal law." *Id.* at *2. "Claims that a servicer provided inaccurate information is no different than a claim that [the servicer] failed to make proper disclosures." *Id.* at *4.[6]

Plaintiffs' claims are preempted because they would be a substantial obstacle to uniformity within the PSLF program and the DOE's exclusive enforcement powers. Any possible claims involving UHEAA stem from a misrepresentation or omission of information, similar to *Lawson-Ross* and *Chae*. These claims are "no different" than a claim for improper disclosure, and preemption cannot be avoided by relabeling the claim.

### III. PLAINTIFFS FAIL TO STATE A CLAIM UNDER WHICH RELIEF CAN BE GRANTED.

Not only do Plaintiffs fail to give UHEAA fair notice of what the claims against it are, they fail to meet the pleading standard required under Federal Rule of Civil Procedure 8(a)(2).

### A. PLAINTIFFS' DO NOT SPECIFY ALLEGATIONS IN A MANNER THAT PROVIDES FAIR NOTICE TO UHEAA.

A pleading must "give the defendant fair notice of what the ... claim is and the grounds upon which it rests," *Twombly*, 550 U.S. at 555. It is not the court's or defendant's role to sift through a lengthy, conclusory and poorly written complaint to piece together the cause of action. See *Arena Land & Inv. Co. v. Petty,* No. 94–4196, 1995 WL 645678, at *1, 1995 U.S.App.

---

[6] *See also Linsley v. FMS Inv. Corp.*, No. 3:11CV961 VLB, 2012 WL 1309840, at *6 (D. Conn. Apr. 17, 2012) (holding the plaintiff's misrepresentation claims against a Title IV provider were preempted); *Brooks v. Salle Mae, Inc.*, No. FSTCV096002530S, 2011 WL 6989888, at *5 (Conn. Super. Ct. Dec. 20, 2011) (same); *United States v. Gorski*, No. CV 11-4252 AG, 2012 WL 12886823, at *7 (C.D. Cal. Mar. 22, 2012) (same); *Winebarger v. Pennsylvania Higher Educ. Assistance Agency*, No. CV 19-1503-JFW(RAOX), 2019 WL 6111730, at *9 (C.D. Cal. Aug. 21, 2019) (same).

LEXIS 31140, at *3 (10th Cir. Nov. 3, 1995). Pleadings must "specify the allegations in a manner that provides sufficient notice' to the adverse party." *Bartlett v. Utah*, No. 2:06-cv-00048, 2006 WL 1767136, at *1 (D. Utah June 23, 2006) (unpublished) (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002)). When a complaint includes multiple claims against multiple defendants, it must put each defendant on notice of what claims are asserted against them and the facts that support those claims. *Utah Physicians for a Healthy Env't, Inc. v. Dieselsellerz.com, LLC*, No. 2:17-CV-00032-RJS-DBP, 2017 WL 11477130, at *1 (D. Utah June 20, 2017).

Plaintiffs' Complaint puts the burden of sifting through the hundreds of paragraphs of alleged facts to ascertain what acts are attributed to whom and which claims are directed to each defendant on the Court and Defendants. It uses either the collective term Defendants or LSPs with no distinction as to what acts are credited to whom. Other than 9 facts, addressed in Section C below, it is unclear if there are other alleged violations or actions attributed to UHEAA.

Plaintiffs' lack of clarity not only violates Rule 8, it leaves UHEAA in the unfortunate position of addressing all paragraphs that could possibly be construed as alleged facts against it. Without clarifying the specific acts committed by each defendant, UHEAA does not have fair notice of the claims against it.

## B. PLAINTIFFS' FAILED TO MEET THE PLEADING STANDARDS REQUIRED UNDER FEDERAL RULE OF CIVIL PROCEDURE 8(a)(2).

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While Rule 8 does not demand "detailed factual allegations…[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"

*Twombly*, 550 U.S. at 555 (internal citations omitted). Nor can a complaint simply offer "'naked assertion[s] devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). "[A] plaintiff must offer specific factual allegations to support each claim." *Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011). When considering a motion to dismiss for failure to state a claim, "the thrust of all well-pleaded facts in the complaint is presumed, but conclusory allegations need not be considered." *Solid Q Holdings, LLC v. Arenal Energy Corp.*, No. 2:15-CV-00419-DN-PMW, 2017 WL 782283, at *1 (D. Utah Feb. 28, 2017).

      1.  *Plaintiffs' Conclusory Allegations Are Not Entitled to the Assumption of Truth.*

At best, 42 of the 462 paragraphs in Plaintiffs' Complaint are directed at UHEAA. Thirty-three of those are conclusory statements about LSPs or defendants collectively, not about UHEAA specifically. Those statements are grouped into general themes and wishing to err on the side of caution, UHEAA will address each theme in turn.

      i.  UHEAA Did Not Act as an Agent Of, In Concert With, Jointly With, or Aid and Abet Other Defendants (¶¶ 128 -131, 76, 79).

In order for an agency relationship to arise, three elements must exist: (1) the principal must manifest its intent that the agent act on its behalf, (2) the agent must consent to so act, and (3) both parties must understand that the agent is subject to the principal's control. *Sutton v. Miles*, 2014 UT App 197, ¶ 10, 333 P.3d 1279, 1282.

Plaintiffs allege UHEAA acted jointly with other defendants, as a principal, as an agent, and/or with express or implied authority on behalf of other defendants. (*Doc. 2*. ¶¶ 76, 79, 128-131). They cast a wide net to capture any and all scenarios needed to prove their case without providing a single fact in support. Plaintiffs simply make this naked assertion and couch it as

fact. There are no allegations UHEAA manifested intent to create an agency relationship with other LSPs, nor that it could act on behalf of any other defendant. The only commonality UHEAA has with Navient and PHEAA are all three are Title IV Loan Service Providers. Plaintiffs conclude the alleged actions of one are the alleged actions of all. Although it aligns with their theory defendants acted in conjunction with each other, those conclusory statements are unsupported by a recitation of relevant facts and cannot be accepted as true for purposes of a Fed. R. Civ. P. 12(b) motion.

   *ii.* UHEAA's Proffered Expertise (¶¶ 21, 22 38, 83, 389-390).

  Although the Complaint (Doc. 2.) offers some allegations regarding statements on the DOE website,[7] by other providers,[8] and on other providers websites,[9] it offers no facts relating to any such representations by UHEAA. The Complaint (Doc. 2.) does not contain a single reference to UHEAA's website nor does it reference any other literature about what UHEAA holds itself out to be. Plaintiffs simply conclude since Navient has held itself out as available to give guidance and the DOE website makes general statements about Title IV Provider's role, UHEAA has somehow misrepresented itself. Under both the *Twombly* and *Iqbal* standards, this allegation is not entitled to an assumption of truth.

---

[7] *Comp*. (Doc. 2. ¶¶ 177-179) states the DOE is responsible for collecting payments, advising borrowers, responding to customer service inquires and performing administrative tasks. ¶ 178 states the DOE can rely on their servicers to help choose the best loan repayment option. ¶ 260 states a loan servicer handles billing and will work on tasks related to their loan. ¶ 261 states loan services are responsible for collecting loans, advising on resources and responding to customer service inquires.

[8] *Comp*. (Doc. 2. ¶ 22) contains a statement from Navient's Annual report. ¶ 23 references a blog post from Navient.

[9] *Comp*. (Doc. 2.¶ 9) references specific language on Navient's website. ¶¶ 425-426 include statements from Navient's website. ¶ 427 references unknown providers.

     *iii.* UHEAA's Did Not Misrepresent Information (¶¶ 24, 45, 47, 67, 82, 95, 250, 279, 284, 389, 391).

The Complaint (Doc. 2.) does not state facts sufficient to prove UHEAA misrepresented any information. At best, one paragraph offers a statement made by an unknown third party, at an unknown point in time, that Christensen inquired about her loan and was provided incorrect information by a prior UHEAA agent. *Comp.* (Doc. 2. ¶ 82). Nothing in the Complaint, based on that statement, suggests Christensen would not be eligible for forgiveness.

Plaintiffs allege LSPs did not know relevant information or that they intentionally withheld vital information to plaintiffs or "millions" of other student borrowers, *Comp.* (Doc. 2. ¶ 10), and LSPs "forced thousands of hardworking public servants into a lifetime of debt servitude. *Comp.* (Doc. 2. ¶ 67). Plaintiffs do not offer any factual support that UHEAA forced anyone into servitude. Under both the *Twombly and Iqbal* standards, this conclusory statement is not entitled to an assumption of truth.

     *iv.* UHEAA's Incentive and Pay Structure (¶¶ 14, 62-63, 66, 263, 270-271, 274-275).

These allegations all suffer the same flaw – they are completely void of any facts regarding UHEAA's pay structure or employee incentives. The Complaint offers some allegations regarding possible incentives at a very high level,[10] or activities engaged in by Navient.[11]  It does not offer any facts alleging UHEAA engaged in any such behavior. Plaintiffs

---

[10] *Comp.* (Doc. 2) ¶ 254 alleges the DOE provides "innovate measures and incentives to be based on performing assets". ¶ 263 alleges the Health Care and Education Reconciliation provided borrowers incentives to consolidate their loans but does not reference any LSP incentives. ¶ 268 alleges incentives exist but states no grounds.

[11] *Comp.* (Doc. 2) ¶ 14 alleges Navient engages in this behavior; ¶ 63 contains a quote from a Navient employee; ¶ 264 alleges Navient's goal is to maximize its cash flows, ¶ 270 quotes a NY Times article regarding Navient's training program,

conclude that because the DOE offers incentives for all Title IV loan servicers, *Comp*. (Doc. 2 ¶ 254), to provide excellent customer service, and some servicers offer incentives to complete calls in under 7 minutes, *Comp*. (Doc. 2. ¶ 63), UHEAA is engaged in such behaviors. Under both the *Twombly* and *Iqbal* standards, those conclusory paragraphs are not entitled to an assumption of truth.

> *v.*   UHEAA Did Not Block Borrowers from Obtaining Relief (¶ 75-76).

Not only does the Complaint fail to provide any facts supporting allegations UHEAA blocked borrowers from obtaining relief, it also fails to provide any basis that UHEAA locked borrowers "in a prison of permanent financial distress" and find themselves "in worse" circumstances for placing trust in it." *Comp.* (Doc. 2. ¶ 75). That conclusion, void of any factual support, supposes every borrower is in distress and that distress is the result of actions on the part of UHEAA. Under both the *Twombly* and *Iqbal* standards, this conclusory statement is not entitled to an assumption of truth.

> *2.*   *The Remaining Facts Against UHEAA Have No Plausibility Giving Rise to Relief.*

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Gallagher v. Shelton*, 587 F.3d 1063, 1068 (10th Cir. 2009) (quoting *Iqbal*, 556 U.S. 662, 678 (2009)). Threadbare recitals of elements, facts "merely consistent" with liability, or "unadorned, the-defendant-unlawfully-harmed me accusation[s]" are insufficient to establish facial liability. *Iqbal*, 556 U.S. at 678; *Leverington,* 643 F.3d at 723 (quoting *Twombly*, 550 U.S. 544, 555 (2007)); *Gee v. Pacheco*, 627 F.3d 1178, 1184–85 (10th Cir. 2010) (citations and quotations omitted); *Hall*, 584 F.3d at 863 (citations and quotations omitted). The allegations must be

enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief. *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008).

As is the case with Plaintiffs' conclusory statements regarding all LSP's, there are no facts that support UHEAA is liable for the Plaintiffs' harm. In reviewing the 462 paragraphs in the Complaint, only 9 contain anything approximating factual allegations regarding UHEAA specifically.

Four of those nine paragraphs allege Christensen relied on misinformation from UHEAA to her detriment.

¶ 81. Plaintiff [Christensen] was informed by defendant UHEAA that if she worked 5 years at a title one school her student loans would be forgiven, which information Plaintiff relied on to her detriment.

¶ 82. After five years of employment Plaintiff [Christensen] inquired when her loans would be forgiven and was informed that the defendant UHEAA agent who had spoken to her previously was wrong and that her student loans would not be eligible for forgiveness until she had made ten years of payments.

¶ 83. Plaintiff [Christensen], again relying on the alleged expertise of UHEAA agents, continued to make monthly payments for 120 months. At the end of that period she again contacted UHEAA and was informed she had to contact the United States Department of Education for relief.

¶ 85. Plaintiff made repeated demands to Defendant UHEAA to provide her with loan relief. UHEAA gave Plaintiff Christensen repeated false and misleading information, which included, *inter alia,* that her loans should have been forgiven after 5 years at the title one school where she taught for ten (10) years; that her loans qualified for forgiveness after ten years; that she was ineligible for any relief due to the type of loan she was initially instructed to take out, even though she expressly informed the lender and servicer that she was going to school to become a teacher.

Not only are those allegations general in nature,[12] they are contradicted by other facts alleged in the Complaint. The Complaint (Doc. 2) establishes Christensen's education was only achievable through loans, *Comp.* (Doc. 2. ¶ 80); that when applying for student loans she was "repeatedly informed" that if she went into public service and made 120 payments, her loans would be forgiven and she relied on that information when taking out loans, *Id.* ¶¶ 237-238; she took out loans from Nelnet, *Id.* at ¶ 234; and Nelnet informed Christensen her loans would be forgiven. *Id.* at ¶¶ 301, 303, 305. Taken alone or in totality, since Christensen was "repeatedly informed" *Id.* at ¶¶ 45, 237, that she needed to make 120 payments, it is not reasonable to infer that based on one interaction with UHEAA, her loans would be forgiven after 5 years.

Moreover, paragraph 85 alleges "repeated demands" to UHEAA to provide her with "loan relief". It is inconsistent with ¶¶ 14-15, 84, 194, 196, 198, 239, which establish only the DOE can grant or deny her loan forgiveness.

Four paragraphs simply establish UHEAA's structure and status as a Utah state government agency.

> 125. Utah Higher Education Assistance Authority ("UHEAA") is a Utah state government agency and part of the Utah System of Higher Education and acts under authority delegated by the Utah State Board of Regents.

> 126. UHEAA is governed by an eleven-member Board of Directors and Utah's Commissioner of Higher Education and was formed in 1977.

> 127. UHEAA contracts with the Federal Government to service federal loans.

---

[12] Each allegation fails to provide any timeframe of when information was received. The timeframe could span a decade and a half. The Complaint never establishes when Christensen took out her loans or began her education. ¶ 234 established she began working as a full-time teacher in 2002. Presumably she took out her student loans several years before that. ¶ 84 established she contacted the DOE for loan forgiveness in 2014.

The last paragraph containing a specific allegation against UHEAA simply establishes it consolidated some of Christensen's loans.

> 234. Nellie Christensen took out several student loans with Nelnet to pay for her undergraduate and graduate education at the University of Utah. Plaintiff began working as a full-time teacher in 2002 and worked for over 10 years in the Granite School District, in West Valley City, Utah. The loans were consolidated by UHEAA to provide her PSLF loan forgiveness qualification in 2004.

It is impossible to draw a reasonable inference from that paragraph that UHEAA harmed Christensen by consolidating loans she took out with Nelnet.

Even when all nine facts are taken in combination and assumed as true, they do not, and cannot, set forth a prima facia case for any element of any of the causes of action for which relief can be given against UHEAA. Even will looking at all paragraphs referring to information about Christensen, the only reasonable inference is Christensen was reliant on student loans, took out loans with Nelnet and Navient, the Nelnet loans were consolidated by UHEAA at some unknown point, and either UHEAA or Nelnet, or both, gave incorrect information regarding a five year qualification for loan forgiveness.

## CONCLUSION

For the reasons discussed above, UHEAA respectfully requests the Court dismiss it from this matter.

RESPECTFULLY SUBMITTED THIS 24th day of January, 2020.

OFFICE OF THE UTAH ATTORNEY GENERAL


/s/ *Vanessa R. Walsh*
VANESSA R. WALSH
Assistant Utah Attorney General
*Attorney for UHEAA*