IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| NELLIE H. CHRISTENSEN, MARC FUTTERMAN, and GREGORY R. WILSON,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>ELISABETH DEVOS, in her official capacity as Secretary of Education; UNITED STATES DEPARTMENT OF EDUCATION; NAVIENT CORPORATION; NAVIENT SOLUTIONS; PENNSYLVANIA HIGHER EDUCATION ASSISTANCE AGENCY dba FEDLOAN SERVICING; and UTAH HIGHER EDUCATION ASSISTANCE AUTHORITY,<br><br>　　　　Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING [61] PLAINTIFFS' MOTION TO STAY**<br><br><br>Case No. 2:19-cv-00509-DBB<br><br>District Judge David Barlow |

Before the court is Plaintiffs' motion to stay proceedings pending a decision of the Judicial Panel on Multidistrict Litigation (JPML).[1] The plaintiffs in a consolidated multidistrict litigation (MDL) case, *In re: FedLoan Student Loan Servicing Litigation*, have requested the JPML transfer and centralize the instant case to the United States District Court for the Eastern District of Pennsylvania.[2] Until that decision is issued, Plaintiffs request an order staying the proceedings here, including four pending motions to dismiss filed by the remaining defendants Pennsylvania

---

[1] Plaintiffs' Motion to Stay Action, and Time to Respond to Pending Motions to Dismiss, Pending Decision from JPML Regarding Transfer (Motion to Stay), ECF No. 61.

[2] Notice of Filing, ECF No. 58, Att. 2, Plaintiffs' Memorandum of Law in Support of Motion to Transfer of Tag-Along Actions.

Higher Education Assistance Agency,[3] Utah Higher Education Assistance Authority,[4] Secretary Elisabeth DeVos and the United States Department of Education,[5] and Navient Corporation and Navient Solutions.[6]

Defendants do not oppose a stay, but request that the timing on the briefing of the motions to dismiss continue—in the event the motion to transfer is denied—with minimal interruption.[7] That is, Defendants request that Plaintiffs be afforded "no more than two additional weeks" to file responses to the pending motions to dismiss from the date of a JPML denial.[8]

Incidental to its power to control the disposition of the cases on its docket,[9] the district court is empowered "to stay proceedings pending before it . . . for the purpose of economy of time and effort for itself, for counsel, and for litigants."[10] Under the circumstances, the court finds good cause to stay these proceedings pending a possible transfer of this case to the United States District Court for the Eastern District of Pennsylvania. Although a stay risks nominal delay in these proceedings if the case is not transferred, including resolution of outstanding motions to dismiss, proceeding in advance of a transfer risks inconsistent rulings among cases posing common issues

---

[3] Defendant Pennsylvania Higher Education Assistance Agency's Motion to Dismiss Amended Complaint, ECF No. 54.

[4] Motion to Dismiss Defendant Utah Higher Education Assistance Authority, ECF No. 55.

[5] Defendant Elisabeth DeVos and the United States Department of Education's Motion to Dismiss the Amended Complaint's Claims Against Them, ECF No. 56.

[6] Defendants Navient Solutions, LLC and Navient Corporation's Motion to Dismiss and Motion to Strike Class Allegations, ECF No. 57.

[7] Defendants' Joint Response to Plaintiffs' Motion to Stay Action, and Time to Respond to Pending Motions to Dismiss, Pending Decision from JPML Regarding Transfer, ECF No. 63.

[8] *Id.* at 1.

[9] *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).

[10] *Pet Milk Co. v. Ritter*, 323 F.2d 586, 588 (10th Cir. 1963) (quoting *Landis*, 299 U.S. at 254); *see Clinton v. Jones*, 520 U.S. 681, 706–07 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket.").

and questions of fact.[11] Procedural and substantive case discrepancies, including potential divergence of claim disposition, threaten "the just and expeditious resolution of all actions to the overall benefit of the parties."[12] Considering the minimal impact from a stay at the current stage of proceedings and the possibility a stay would conserve resources of the parties and the court, a stay is warranted.

Plaintiffs have not requested an extension for their response to the motion to dismiss, so the court will not address the issue at this time. If the JPML denies a transfer, the parties may move the court to lift the stay and request a new briefing order at that time.

**ORDER**

For the reasons stated in this Memorandum Decision and Order, Defendants' Motion to Stay is GRANTED. (ECF No. 61).

Signed March 19, 2020.

BY THE COURT

_____
David Barlow
United States District Judge

---

[11] *See In re Bextra & Celebrex Mktg., Sales Practices & Prod. Liab. Litig.*, 391 F. Supp. 2d 1377, 1379 (J.P.M.L. 2005) ("Centralization . . . is necessary in order to eliminate duplicative discovery, avoid inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.").

[12] *Id.*